**DEREK SMITH LAW GROUP, PLLC**
**By: Scott E. Diamond, Esq.**
Attorney ID 44449
1835 Market Street
Suite 2950
Philadelphia, PA  19103
215-391-4790
scott@dereksmithlaw.com

**PITRE & ASSOCIATES**
**By: A. Marquis Pitre, Esq.**
**Pro Hac Admission To Be Filed**
Ronald Reagan Building and
International Trade Center
1300 Pennsylvania Avenue, NW
Suite 700
Washington, DC 20004
Office: (202) 204-3006

ampitre@ampitreassociates.com

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA
**(Civil Division)**

| | |
|---|---|
| Jack Jacobs ) | |
| 67 Watson Drive ) | |
| Mt. Laurel, NJ 08054 ) | |
| ) | COMPLAINT |
| *Plaintiff*, ) | |
| ) | |
| v. ) | Civil Action No.: ___ |
| ) | |
| ) | JUJRY TRIAL DEMANDED |
| Chad F. Wolf, Acting Secretary, ) | |
| U.S. Department of Homeland Security ) | |
| ) | |
| *Defendant*. ) | |

1

# COMPLAINT

Plaintiff, Jack Jacobs, by and through undersigned counsel, hereby files suit against the named Defendant for the cause of action stated as follows:

## INTRODUCTION

1. Plaintiff Jack Jacobs ("Mr. Jacobs") brings this civil action pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S. § 2000e, *et seq*.; and the Civil Rights Act of 1991, 42 U.S.C. § 1981a; for relief from discrimination based on race (African American).

2. Defendant U.S. Department of Homeland Security ("Defendant" or "DHS") discriminated against Plaintiff on the basis of his Race (African American) when Plaintiff was not selected for several promotions.

## JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to Title VII, as amended, 42 U.S.C. §§ 2000e-16, 2000e-5(f)(1) and (3). Further, this Court has jurisdiction over this Complaint because there is diversity of the parties and a question of federal law is presented. 28 U.S.C. §§ 1331 (federal question) and 1332 (diversity).

4. Venue properly lies within this Court pursuant to 28 U.S.C. § 1391 and 42 U.S.C. §2000e-5(f)(1) and (3) because a substantial part of the acts and omissions that give rise to this Complaint occurred within Philadelphia, Pennsylvania.

## PARTIES

5. Plaintiff is currently domiciled at 67 Watson Drive, Mt. Laurel, NJ 08054. At all relevant times, Plaintiff has been an employee of the United States Customs and Border Protection ("CBP" or "the Agency"). Plaintiff is a resident of Burlington County, New Jersey and a United States citizen.

6. CBP is the largest law enforcement agency of DHS and is the country's primary border control organization. As such, Acting Secretary Wolf is being sued in his official capacity as the Acting Secretary for DHS.

7. Defendant is subject to suit for the negligent, discriminatory, wanton, willful or wrongful acts and/or omissions of employees or agents of Defendant. In addition, Defendant is the employer of persons who have committed negligent, discriminatory acts and/or omission against Plaintiff within the course and scope of their employment. Therefore, Defendant is liable pursuant to the doctrine of *Respondeat Superior*.

## EXHAUSTION OF REMEDIES

8. Plaintiff has exhausted all of his administrative remedies.

9. On October 18, 2019, Plaintiff filed an informal complaint of discrimination based on race with an Employee Relations Specialist in CBP's Office of Human Capital.

10. On December 22, 2019, after CBP issued a Notice of Right to File a Formal Complaint of Discrimination, dated December 13, 2019, Plaintiff timely filed a formal EEO complaint complaining of the discriminatory actions at issue herein.

11. On June 19, 2020, after CBP completed its investigation into Plaintiff's Formal Complaint of Discrimination, CBP issued its Report of Investigation (ROI), which provided Plaintiff with thirty (30) days from receipt of the ROI to either request a hearing before a U.S. Equal Employment Opportunity Commission (EEOC) Administrative Judge or a Final Agency Decision (FAD) by DHS.

12. On July 5, 2020, Plaintiff timely requested a FAD from DHS.

13. On October 16, 2020, DHS issued Plaintiff a FAD, which provided Plaintiff ninety (90) days from receipt that FAD to file a complaint in an appropriate United States District Court.

14. Pursuant to that final decision, Plaintiff now timely files this action.

## FACTS

15. Plaintiff incorporates all information and allegations contained in the preceding paragraphs as if fully set forth herein.

16. In April 2006, Plaintiff joined CBP as a Customs and Border Protection Officer, (GS-1895-7), at its Philadelphia International Airport facility. In this role, Plaintiff was responsible for processing international passengers and commerce, conducting secondary inspections and training officers on inspectional systems such as the Central Index System, Computer-Linked Application Information System, Deportable Alien Control System, Image Storage and Retrieval System, Student and Exchange Visitor Information System; United States Visitor and Immigrant Status Indicator Technology, Enforcement Case Tracking System, Automated Targeting System -Passenger, Automated Targeting System- Cargo and TECS; provided training to military officers at JRB Willow Grove Naval Air Station on the proper clearance of overseas cargo and passengers consistent with CBP policy and directives; and served as the National Recruiting Officer responsible for conducting demonstrations to the public on CBP policies and procedures in order to encourage potential candidates to join the Agency.

17. In December 2011, Plaintiff was promoted to Program Manager, (GS-1895-13), at CBP's National Targeting Center – Passenger in Sterling, Virginia.  In this role, Plaintiff served as the primary CBP liaison between internal and external agencies that shared watch lists for  individuals under investigation for suspected terrorist activity; the Lead officer for the Visa Vetting Unit, which analyzed complex Department of State confidential information from passports and non-immigrant and immigrant visas for fraud, intelligence and immigration and customs violations; and managed staff in the Terrorist Screening Database and Visa Revocation unit (TVR) in the

processing of positive matches against the Terrorist Screening Database (TSDB).

18. In May 2014, Plaintiff was promoted to, Supervisory Program Manager (Branch Chief), (GS-1895-14), in Washington D.C., where he managed the External Communications for CBP. Day-to-day operations consisted of assisting Public Affairs respond to local and national issues concerning CBP, assist with filming nationally televised shows and movies.

19. On April 15, 2013, Plaintiff applied for the position of 1st line GS-13 Supervisor, GS-13, (MHCMP-663068-IC) at the Port of Philadelphia. At the time of the interview, Plaintiff was a GS-13, 2nd line Program Manager and had received a letter of commendation from Assistant Commissioner of CBP, plaintiff also held a B.S. in Human Services and Emergency Disaster Services, and a M.S. in Criminal Justice with a specialization in Homeland Security.

20. On June 13, 2013, Plaintiff received official notification that he was not selected for the position. Patty Coggins (Caucasian) and Fredrick Dacsiano (Caucasian), who were GS-12 Officers with less formal education, CBP experience and training were selected for the position instead of Plaintiff. Plaintiff was not told why he was not selected, and at that time there was no policy in place to request feedback from an interview.

21. On January 20, 2015, John P. Wagner, Acting Assistant Commissioner, issued a Memo stating that feedback should be provided to interviewed applications to "strengthen their skills applicable to the position" and to provide transparency in the promotions process.

22. In May 2015, Plaintiff completed Lead Field Coordinator training, which is required for setting up command posts in response to an emergency or large-scale event. The Port of Philadelphia and CBP field office management were aware that Plaintiff had obtained this extensive training, which is reserved for senior management.

23. On February 26, 2016, Plaintiff applied for the position of 2nd line Chief, GS-13,

(MHCMP-1621202-SJR) at the Port of Philadelphia but was not selected to interview despite being rated as qualified for the position.

24. On June 15, 2016, Plaintiff received official notification that he was not selected for the position. Bruce Albright (Caucasian), Supervisor, GS-13, who has less formal education, CBP experience and training than Plaintiff was selected for the position. Plaintiff was not provided with any feedback regarding why he was not invited to interview for the position.

25. On December 11, 2016, Plaintiff accepted a temporary promotion to Acting Chief of Staff for ninety (90) days. While in this role, Plaintiff made signification contributions to the Port of Philadelphia by analyzing Port operations to reduce cost by eliminating half of the Port's mobile phone service that was not being utilized, creating the first area Port administration team, and reorganizing the Port's fleet of vehicles to meet CBP policy. Plaintiff received positive feedback from several Acting Port Directors who stated that he performed well in the role. As a result, Plaintiff served as Acting Chief of Staff an additional nine (9) months beyond the approved SF50 temporary promotion period. Plaintiff's Final Rating of Record was Achieved Excellence.

26. On June 12, 2017, Plaintiff applied for the position of Area Port Director, GS-15, (OFO JMP-10008857-BLS). Plaintiff was not invited to interview for this position even though he received a rating of 98% by the CBP Hiring Center on his application, he possessed supervisory experience at the GS-14 level, he received a performance rating of Achieved Excellence in the position of Acting Chief of Staff, he received several awards from CBP Assistant Commissioners, and was formally mentored by Augustine Moore, Baltimore Director of Field Operations. However, several Caucasian applicants who were rated lower than Plaintiff by the CBP Hiring Center were interviewed for the position. On January 11, 2018, Plaintiff learned via a Port wide email that Joseph Martella Acting Port Director (Caucasian) was selected for the position.

27. In November 2017, Plaintiff asked Joseph Martella (Caucasian), then still Acting Port Director, whether he would be made a permanent Chief. Mr. Martella told Plaintiff that the position would not be filled as a Chief position, even though the Baltimore Field Office, filled the position for Chief of Staff. As a result, Plaintiff requested to be reassigned to his 1st line Supervisor position if he would not be selected to fill the Chief of Staff position permanently, and he returned to his prior position a week before completing one (1) year in the role of Acting Chief of Staff. The Acting Chief of Staff position was then reassigned to Timothy Walinskas (Caucasian), who is still in the position to date.

28. On May 8, 2018, Plaintiff applied for the position of Assistant Port Director, GS-14, (OFO-IMP-10194036-BLS) at the Philadelphia POE and was rated eligible for the position. On May 21, 2018, Plaintiff applied for the position of Watch Commander, GS-14, (OFO-IMP-10205279-BLS) at the Port of Philadelphia POE and was also rated eligible for the position. Although different duties applied to each position, one interview was conducted for both. Plaintiff was invited to interview, but despite being the most qualified applicant for both positions, he was not selected for the Assistant Port Director position, and the Watch Commander position was closed with no selection being made.

29. On September 28, 2018, Plaintiff was notified via email that Donald Josey (African American) was selected for the Assistant Port Director position. Plaintiff was not provided with any feedback regarding why he was not selected for either position.

30. On November 30, 2018, the Watch Commander position at the Port of Philadelphia was reopened a second time under Vacancy Announcement OFO-IMP-10358304-BLS and Plaintiff applied. However, the position was again closed with no selection being made. Plaintiff was not provided with any feedback regarding why he was not selected for either position.

31. On May 2, 2019, the Watch Commander position at the Port of Philadelphia was reopened a third time under Vacancy Announcement OFO-IMP-10486027-TJC and Plaintiff applied but was not selected for the position.

32. On September 29, 2019, Plaintiff learned that Francis McCarthy (Caucasian) was selected for the position, even though Mr. McCarthy had less 2nd line experience, formal education, and overall national CBP experience than Plaintiff. Upon information and belief, during the time in which the Watch Commander position was initially posted and ultimately filled, Mr. McCarthy was provided with non-compete opportunities to broaden his resume and gain experience that he did not have when the position was originally announced. Plaintiff sought but was denied similar opportunities to broaden his resume and gain additional experience. For example, on June 17, 2019, CBP recorded its largest ever drug seizure of 35,000lbs of cocaine valued at $1 billion dollars. Despite Plaintiff having advanced training that no other manager at the Port of Philadelphia possessed, Plaintiff was denied the opportunity to participate in activating the command center or participate in the seizure.

33. Racial diversity is not a priority nor an encouraged practice with CBP leadership based on their pattern of promoting significantly more Caucasian than African American employees to supervisory positions.

34. Upon information and belief, similarly situated employees or a different protected class are not subjected to the same unlawful discriminatory treatment, and Plaintiff's race was a factor in the decision not to interview and/or select him for promotion to several positions.

## CAUSES OF ACTION

**COUNT ONE**
**Title VII of the Civil Rights Act of 1964, as amended,**
**42 U.S.C. § 2000e, *et seq*.**
**(Employment Discrimination on the Basis of Race)**

8

35. Plaintiff incorporates all information and allegations contained in the preceding paragraphs as if fully set forth herein.

36. Plaintiff is African American and, as such, is a member of a protected class.

37. As an employee of Defendant, Plaintiff was treated differently and subjected to different terms and conditions of employment in comparison to non-African American employees that Defendant employed.

38. Defendant has subjected Plaintiff to adverse employment actions, including the opportunity to interview and non-selection to several CBP positions, including the consecutively posted Watch Commander position, and otherwise deprived Plaintiff of the same rights enjoyed by non-African American employees.

39. Defendant's unlawful conduct negatively impacted the terms, conditions and privileges of Plaintiff's employment because it resulted in loss of income, promotional opportunities and other disadvantages in the workplace.

40. The reason(s) proffered for Defendant's unlawful conduct, including the selectees having more technical experience than Plaintiff, is not legitimate and would be pretext for its discriminatory conduct.

41. Defendant knew that Plaintiff was African American prior to subjecting him to the discriminatory non-selection described throughout this Complaint.

42. Plaintiff has been treated differently and subjected to different terms and conditions of his employment due to his Race (African American).

43. Defendant has limited, segregated and classified Plaintiff in a way that deprives him of employment opportunities and otherwise adversely affects his status as an employee because of his Race (African American).

44. Other employees who were similarly situated, but members of a different protected class than Plaintiff, have been treated more favorably than Plaintiff in their terms and conditions of employment.

45. Defendant's conduct has been intentional, deliberate, willful, malicious, reckless and in callous disregard of the rights of Plaintiff because of his Race (African American).

46. As a direct and proximate cause of Defendant's conduct alleged in this Complaint, Plaintiff suffered, and continues for suffer, from harm, injury and monetary damages – including but not limited to past and future loss of income, benefits, career opportunities, expenses and costs – and is entitled to all available legal and equitable remedies.

47. Plaintiff was humiliated, embarrassed and made to endure a great amount of pain and suffering, and his injury is permanent in nature. Defendant's treatment and actions are ongoing.

**WHEREFORE**, Plaintiff respectfully prays that this Honorable Court;

   a. Award compensatory damages permitted by statute;

   b. Award lost wages (back pay/front pay) with interest;

   c. Award Plaintiff be assigned to the same or a substantially similar position;

   d. Award reasonable attorney fees, costs, and expenses incurred for this action;

   e. Order Defendant to institute a policy and procedure to be implemented against discrimination;

   f. Order Equal Employment Opportunity training for Defendant and the supervisory officials at issue herein;

   g. Order Supervisory training for the supervisors at issue herein;

   h. Award equitable, declaratory, and injunctive relief; and

   i. Award such other and further relief as this Honorable Court deems just and proper.

## EQUITABLE RELIEF

48. Plaintiff hereby incorporates, by reference hereto, the facts, law, and/or allegations contained within the preceding paragraphs, as fully set forth herein.

49. Because of the actions alleged herein, the continued employment of the supervisors at issue herein without training in equal employment opportunity law, rules and regulations, present clear and present dangers to the employees of Defendant and could result in further illegal actions on the part of Defendant, by and through their respective agents, servants and employees.

**WHEREFORE**, Plaintiff respectfully prays that this Honorable Court:

a. Order Defendant to institute a policy and procedure to be implemented against discrimination;

b. Order Equal Employment Opportunity training for Defendant and the supervisory officials at issue herein;

c. Order Supervisory training for the supervisors at issue herein; and

d. Order such other and further relief as this Court deems just and proper.

## JURY DEMAND

50. Pursuant to Fed. R. Civ. P. 38, Plaintiff demands trial by jury on all issues so triable.

Respectfully submitted,

*A Marques Pitre, Esq.*

_____
A. Marques Pitre, Esq.
Pro Hac Admission to be Filed
PITRE & ASSOCIATES, LLC
Ronald Reagan Building &
International Trade Center
1300 Pennsylvania Avenue, NW Suite 700
Washington, DC 20004
Main Tel. 202-204-3006

Direct Tel. 309-287-1914
Fax. 202-789-7349
Email: ampitre@ampitreassociates.com


DEREK SMITH LAW GROUP, PLLC

_____
By: Scott E. Diamond
Attorney ID 44449
1835 Market Street
Suite 2950
Philadelphia, PA  19103
215-391-4790
**scott@dereksmithlaw.com**


*Counsel for Plaintiff*