IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JACK JACOBS,<br>Plaintiff,<br><br>v.<br><br>ALEJANDRO MAYORKAS,<br>SECRETARY, U.S. DEPARTMENT<br>OF HOMELAND SECURITY,<br>Defendant. | CIVIL ACTION<br><br><br><br>NO. 21-0165 |

**MEMORANDUM OPINION**

Plaintiff Jack Jacobs alleges that the U.S. Department of Homeland Security ("Defendant") discriminated against him based on his race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, and the Civil Rights Act of 1991, 42 U.S.C. § 1981, when it: 1) failed to make his temporary promotion to Acting Chief of Staff permanent in late 2017; 2) failed to promote him to Watch Commander when he applied on May 21, 2018; 3) failed to promote him to Watch Commander when he applied again on November 30, 2018; and, 4) hired a White candidate to fill the position of Watch Commander on September 29, 2019, after Plaintiff applied for the position a third time on May 2, 2019. Defendant moves to dismiss Plaintiff's claims as to the first three positions due to Plaintiff's failure to timely exhaust his administrative remedies. As the Court writes for the benefit of the parties, and given the limited nature of the Defendant's motion to dismiss, a more detailed recitation of the facts is unnecessary.

It is appropriate to resolve an issue of the timeliness of any administrative exhaustion requirement in a motion brought pursuant to Rule 12(b)(6). *Robinson v. Dalton*, 107 F.3d 1018, 1022 (3d Cir. 1997). Although the Amended Complaint states that "Plaintiff has exhausted all of his administrative remedies[,]" the assumption of truth at the Motion to Dismiss stage applies to

1

the alleged facts and not to "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

As for the Acting Chief of Staff position, Plaintiff waives this claim by failing to respond to Defendant's arguments that it is untimely and unexhausted. *See, e.g., Celestial Cmty. Dev. Corp. v. City of Phila.*, 901 F. Supp.2d 566, 578 (E.D. Pa. 2012) ("To put it simply: plaintiffs who fail to brief their opposition to portions of motions to dismiss do so at the risk of having those parts of the motions to dismiss granted as uncontested."); *Cook v. W. Homestead Police Dep't*, 2017 WL 1550190, at *3 (W.D. Pa. May 1, 2017) ("Plaintiffs' failure to respond at all to [Defendants] arguments for dismissal . . . will be read as a concession of those arguments, if not a waiver of those issues.").

To the extent that Plaintiff's claims are premised on his first and second applications for the Watch Commander position they will be dismissed pursuant to Federal Rule 12(b)(6) for failure to timely exhaust administrative remedies. Under EEOC guidelines, a federal employee must exhaust administrative remedies by contacting an agency EEO counselor "within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action." 29 C.F.R. § 1614.105(a)(1).

According to the Amended Complaint, the Watch Commander position was "cancelled with no selection being made" following Plaintiff's May 2018 and November 2018 applications. Construing the Amended Complaint in Plaintiff's favor, the latest plausible date on which he knew or should have known he was not selected for promotion was when Defendant re-posted the position without hiring any candidate, on November 30, 2018 and again on May 2, 2019. Plaintiff concedes in the Amended Complaint that he first complained of race discrimination to an agency EEO counselor on October 18, 2019. As such his first contact with an EEO counselor

falls well outside the allotted 45-day window for each of these claims.

Nor does Plaintiff's timely administrative exhaustion of his third failure to promote claim resurrect his untimely claims for the same Watch Commander position. *See Nat'l RR Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002) (holding that under Title VII, "discrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges."); *O'Connor v. City of Newark*, 440 F.3d 125, 127 (3d Cir. 2006) (applying *Morgan* to conclude that, *inter alia*, "failure to promote, denial of transfer, [and] refusal to hire" are discrete acts for the purposes of a limitations period). Thus, the only claim that Plaintiff timely exhausted relates to Defendant's failure to promote Plaintiff to the Watch Commander role in favor of a White candidate on September 29, 2019.

For the reasons set forth herein, Defendant's motion shall be granted. A corresponding order follows.

**May 18, 2021**                                   **BY THE COURT:**

/s/Wendy Beetlestone, J.
---
**WENDY BEETLESTONE, J.**